UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ISAAC M. TORREZ and
MELISSA A. TORREZ,
　　　Debtors.　　　　　　　　　　　　　　　　　　No. 7-08-13652 SA

SANDIA LABORATORY FEDERAL CREDIT UNION,
　　　Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 09-1033 S

ISAAC M. TORREZ and
MELISSA A. TORREZ,
　　　Defendants.

**MEMORANDUM OPINION ON DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

　　　This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (the "Motion")(doc 4) in this adversary complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2). Plaintiff filed a response. (Doc 5). This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

　　　The Motion is governed by Fed.R.Civ.P. 12(c). Courts review a Rule 12(c) motion under the same standards that govern a Rule 12(b)(6) motion. <u>Ward v. Utah</u>, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed.R.Civ.P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing <u>Ramirez v. Dep't of Corr.</u>, 222 F.3d 1238, 1240 (10th Cir. 2000)). On a Rule 12(c) motion, the Court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff. <u>Ackerman v Rubber2gold, Inc. (In re Coletta)</u> 391 B.R. 691, 693 (Bankr. E.D. N.Y. 2008)(citing <u>Cleveland v. Caplaw Enterprises</u>, 448 F.3d 518,

521 (2d Cir.2006)). Plaintiff argues, doc 5 at p.2, that the court may not grant a motion to dismiss under Rule 12(b)(6) unless the plaintiff can prove no set of facts in support of the claims that would entitle plaintiff to relief.  This standard, based on Conley v. Gibson, 355 U.S. 41 (1957), was abrogated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562–63 (2007):

> We could go on, but there is no need to pile up further citations to show that Conley's "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the Conley Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief.  But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  See Sanjuan [v. American Bd. of Psychiatry and Neurology, Inc.], 40 F.3d [247], at 251 [(7th Cir. 1994)] (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"); accord, Swierkiewicz [v. Sorema N.A.], 534 U.S. [506], at 514, 122 S.Ct. 992 [(2002)]; National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 249–250, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).  Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

Under the new standard of Twombly a plaintiff's claim must be "plausible on its face" in order to survive a motion to dismiss.

Twombly, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") "The concept of 'plausibility' at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." Christy Sports, LLC v. Deer Valley Resort Co., Ltd., 555 F.3d 1188, 1191-92 (10th Cir. 2009)(citing Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)).

Plaintiff's complaint is based on 11 U.S.C. § 523(a)(2). That section reads in part:

> § 523. Exceptions to discharge
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> ...
>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>        [or]
>        (B) use of a statement in writing--
>            (I) that is materially false;
>            (ii) respecting the debtor's or an insider's financial condition;
>            (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

Page -3-

(iv) that the debtor caused to be made
or published with intent to deceive[.]

Because the complaint does not reference a materially false written financial statement, the Court assumes that Plaintiff's cause of action is under § 523(a)(2)(A). To state a cause of action under that subsection, a plaintiff must show: "[t]he debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the debtor's representation caused the creditor to sustain a loss." <u>Fowler Bros. v. Young (In re Young)</u>, 91 F.3d 1367, 1373 (10th Cir. 1996). Actually, the creditor's reliance need only have been justifiable. <u>Field v. Mans</u>, 516 U.S. 59, 74-75 (1995).

**THE COMPLAINT**

The complaint is summarized as follows: ¶¶ 1-3 identify the parties and the source of bankruptcy jurisdiction; ¶ 4 states that the Defendants executed a $50,000 note payable to the plaintiff and secured by a second lien on their residence; ¶ 5 states that in late July 2008 the Defendants reported that they were having financial difficulties and they had placed or soon would place their home for sale; ¶ 6 states that the Defendants then reported that they lacked the ability to make the required monthly payments and asked plaintiff to forbear from collecting on the account until after the home was sold; ¶ 7 states that the

Defendants represented that the expected sale price for the home would be insufficient to pay off both the first and second mortgages; ¶ 8 states that Defendants asked Plaintiff to accept the projected short sale and that they would then make repayment to the Plaintiff on the deficiency; ¶ 9 alleges that the Plaintiff agreed to, and in fact did, accommodate the defendants by cooperating in allowing the house to be sold without paying off the mortgage loan and in deferring any collection activity when the loan went delinquent; ¶ 10 states that Defendants last payment was on August 9, 2008; ¶ 11 states that on October 20, 2008, Plaintiff transmitted a facsimile to the first mortgage holder, agreeing to the terms of the short sale; ¶ 12 states that in the meantime Defendants met with and retained bankruptcy counsel, notwithstanding their representations[1] to the contrary; ¶ 13 alleges that the Defendants executed a document for the electronic filing of their bankruptcy on October 28, 2008; ¶ 14 states that on October 29, 2008, Defendants completed an application to re-finance the deficiency on the mortgage loan as an unsecured loan; ¶ 15 states that the closing on the residence occurred on October 29, 2008; ¶ 16 states that on October 29, 2008 Defendants executed their bankruptcy schedules; ¶ 17 states that on October 30, 2008 the defendants filed their bankruptcy petition; ¶ 18 states that on October 31st, 2008 the Plaintiff

---

[1]These specific representations are not identified, however.

Case 09-01033-s    Doc 7    Filed 10/14/09    Entered 10/14/09 09:59:56 Page 5 of 13

received the title company check leaving a balance due and owing of $46,551.00.  Plaintiff seeks a judgment that the sum of $46,551.00 plus interest at 5.6% from October 31, 2008 plus attorneys fees is nondischargeable under 11 U.S.C. § 523(a)(2).

**DEFENDANTS' MOTION FOR JUDGMENT**

Defendants argue that the facts alleged by Plaintiff, even if proven, cannot justify an exception to discharge under 11 U.S.C. § 523(a)(2)(A).  The only representations of fact alleged concern Defendants' dire financial condition which were true, and their failure to warn the Plaintiff that they intended to file a bankruptcy[2].  Plaintiff alleges no intent to deceive, nor does it allege it relied on any representations.  Plaintiff fails to allege it suffered damages as a proximate result of any representation by Defendants.  Defendants seek dismissal of the complaint.  Defendants also seek their fees and costs under 11 U.S.C. § 523(d).

**PLAINTIFF'S RESPONSE**

---

[2] Even if Defendants had warned Plaintiff about the possibility of a bankruptcy filing, there is probably nothing that Plaintiff could have done about it.  Prepetition agreements to waive discharge or to forego bankruptcy or its benefits are unenforceable as against public policy.  See, e.g., Hayhoe v. Cole (In re Cole). 226 B.R. 647, 651 n.6 & 652 n.7 (9th Cir. B.A.P. 1998)(collecting cases.) and In re Madison, 184 B.R. 686, 690 (Bankr. E.D. Pa. 1995)(citing Fallick v. Kehr, 369 F.2d 899, 904 (2nd Cir. 1966))(An agreement not to file bankruptcy is unenforceable because it violates public policy.)

Plaintiff argues that John Deere Co. v. Gerlach (In re Gerlach), 897 F.2d 1048 (10th Cir. 1990) teaches that the use of fraud to obtain an extension of a debt originally procured nonfraudulently renders the entire debt nondischargeable. Id. at 1051. Plaintiff's citations to Wolf v. Campbell (In re Campbell), 159 F.3d 963 (6th Cir. 1998) and South Division Credit Union v. McFarland (In re McFarland), 84 F.3d 943 (7th Cir.), cert. denied, 519 U.S. 931 (1996), hold that fraudulent extensions and fraudulent refinancings render the entire debt nondischargeable. Additionally, the cases indicate that forbearances constitute either an extension of credit or a refinancing and that no additional damages need to be proven. Therefore, Plaintiff urges the Court to find that its allegations of forbearance to collect on Defendants' debt from July 2008 through October 29 are sufficient to state a claim for relief.

**DISCUSSION**

The complaint lists several representations in ¶¶ 5-8 . The complaint does not directly allege they were false in any way. Paragraph 12 states that "notwithstanding their representations to the contrary" Defendants contacted a bankruptcy attorney, indirectly implying that Defendants' statement that they would repay the deficiency was a misrepresentation. See ¶ 8. If this is Plaintiff's theory, the complaint should directly say so. If a plaintiff's case rests upon an assumption that a debtor

intended to misrepresent facts and upon a theory of implied fraud it is insufficient. Jack Master, Inc. v. Collins (In re Collins), 28 B.R. 244, 246 (Bankr. W.D. Okla. 1983). Rather, the proof must show <u>affirmatively</u> that the representations were made knowingly and fraudulently. Id. (citations omitted; emphasis in original.) Furthermore, cases have held that a mere promise to be carried out in the future is not sufficient to bar discharge of the debt, even though there is no excuse for the subsequent breach. Id. (citations omitted.); see also Garza v. Baker (In re Baker), 139 B.R. 692, 694 (Bankr. N.D. Ohio 1992)(same; citations omitted.); Rowe v. Showalter (In re Showalter), 86 B.R. 877, 880 (Bankr. W.D. Va. 1988)("To satisfy the representation element of § 523(a)(2), the [plaintiff] must demonstrate that the representation was one of existing fact and not merely an opinion, expectation or declaration of intention. A mere promise to repay, and nothing more, does not rise to the level of a representation under § 523(a)(2).")(citation omitted.); Keeling v. Roeder (In re Roeder), 61 B.R. 179, 181 (Bankr. W.D. Ky. 1986) ("[F]alse representations and false pretenses encompass statements that falsely purport to depict <u>current or past facts.</u> [A debtor's] promise ... related to [a] <u>future action</u> [which does] not purport to depict current or past fact ... therefore cannot be defined as a <u>false representation or a false pretense</u>.")(citation omitted; emphasis in original)(Holding that

a promise to turn over an income tax refund as security for a loan was a promise related to a future action; therefore, failure to carry out the promise was not a false representation or false pretense for purposes of section 523(a)(2)(A).)

The complaint does not allege that Defendants made any representation with the intent to deceive Plaintiff.  Plaintiff does not allege reliance, either actual or justifiable.  And, the complaint does not allege that any representation caused it to sustain a loss, or that the representation was the proximate cause of that loss.

Plaintiff argues, basically, that this case is governed by Gerlach.  However, this Court disagrees that Gerlach is as applicable as Plaintiff wishes.  While it is true that the Court of Appeals for the Tenth Circuit stated that "dischargeability is an 'all or nothing' proposition", 897 F.2d at 1051, it ultimately remanded the case for a determination of the amount that the creditor could reasonably estimate was obtained by fraud, id. at 1052.  Despite the "all or nothing" language, its instructions on remand were to "declare the debt nondischargeable in an amount which it can reasonably estimate as obtained by the fraud."  Id. (emphasis added.)  Therefore, the "all or nothing" language would seem to be dicta because that is not in fact what the Court held or did.  See also Wingate v. Attalla (In re Attalla), 176 B.R. 650, 664 n.7 (Bankr. D. N.H. 1994)(discussing Gerlach's

contradictory language.); Siriani v. Northwestern Nat'l Ins. Co., of Milwaukee, Wisc. (In re Siriani), 967 F.2d 302, 304 n.2 (9th Cir. 1992)(also discussing Gerlach's contradictory language, but suggesting that the "in an amount" language suggested a proximate cause element.)  Furthermore, the "all or nothing" language in Gerlach was taken directly from Birmingham Trust Nat'l. Bank v. Case (In re Case), 755 F.2d 1474, 1477 (11th Cir. 1985).  The Court of Appeals for the Eleventh Circuit subsequently recognized that Case was superceded by Pub.L. No. 98-353, 98 Stat. 333 (1984)[3], some six years before Gerlach was decided.  Griffith v. United States (In re Griffith), 206 F.3d 1389, 1394 (11th Cir.), cert. denied, 531 U.S. 826 (2000).  Therefore, if the Tenth Circuit were faced with the identical issue today, it might not decide the case differently but it probably would not use the conflicting "all or nothing" language.

Another distinguishing characteristic of this case compared to Gerlach is that in this case no new advances were made after the alleged misrepresentations.  In Gerlach there were regular additional monthly advances made after each different misrepresentation.  The entire debt was not declared nondischargeable; rather, only the additional monthly advances of

---

[3]Section 454(a)(1)(B) added the words "to the extent obtained" to 11 U.S.C. § 523(a).

unsecured credit given after the Debtor had given phony contracts to John Deere were at issue.

<u>Gerlach</u> also defined when a debt was "obtained by" fraud, holding that it is "obtained by" fraud if the fraud is a substantial factor in the creditor's decision. 897 F.2d at 1052. Nothing in the complaint alleges that the Plaintiff actually did anything or decided anything after the alleged misrepresentations. There are no allegations of a formal forbearance or new terms for the second mortgage; it appears that there was only some paperwork being circulated regarding a refinancing of the deficiency as an unsecured note. It appears that Plaintiff was free to file a foreclosure at any time during the two month period.

Plaintiff's cites to <u>In re Campbell</u>, 159 F.3d 963 and <u>In re McFarland</u>, 84 F.3d 943 are not really on point either because they both deal with 11 U.S.C. § 523(a)(2)(B) matters which are fundamentally different. <u>See</u> <u>Field</u>, 516 U.S. at 68-69.

Finally, the Court finds that the relief sought in this case is not "plausible." It appears to the Court that Debtors honestly obtained a second mortgage and then later were unable to pay it. They missed two or three payments after informing Plaintiff that they were in financial trouble. They were trying to sell the house to salvage some equity for Plaintiff by doing a short sale. Plaintiff's money was out the door a long time ago.

No new money was advanced as a result of the representations. All the damage had been done by the time Defendants notified Plaintiff of their troubles. The alleged misrepresentations did not "cause" anything; rather, it was Defendants' overall financial condition coupled with a declining real estate market that caused all the damages. It seems that Plaintiff is urging the Court to rule that if a debtor misses a few payments before filing a bankruptcy that the debt is automatically not discharged because the creditor extended credit beyond the original terms and was harmed when the debtor filed bankruptcy. This is bad policy and in any event is clearly contrary to the Code.

Therefore, for the reasons set forth above, the Court finds that the Motion to Dismiss is well taken and should be granted. Plaintiff's response asks as alternative relief that it be granted leave to amend its complaint in the event the Motion to Dismiss is granted. The Court will allow Plaintiff one opportunity to amend the complaint to state a cause of action. Plaintiff shall file its amended complaint within 14 days of the Order accompanying this Memorandum Opinion if it intends to pursue nondischargeability. Due to the confusing language of Gerlach, Defendants' motion under 11 U.S.C. § 523(d) will be denied.

 Honorable James S. Starzynski
 United States Bankruptcy Judge

Date Entered on Docket: October 14, 2009

Copies to:

Kevin D Hammar
Attorney for Plaintiff
1212 Pennsylvania St NE
Albuquerque, NM 87110-7410

Michael K Daniels
Attorney for Defendants
PO Box 1640
Albuquerque, NM 87103-1640